**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**LINDA PROGAR** **Case No.**

**Plaintiff,**

**v.**

**THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,**

**A Foreign Corporation,**

**Defendant.**

**COMPLAINT**

The Plaintiff, LINDA PROGAR, by and through undersigned counsel, hereby sues THE PRUDENTIAL INSURANCE COMPANY OF AMERICA ("PRUDENTIAL") and alleges:

**GENERAL ALLEGATIONS**

1. This is an action under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §1001, et seq., specifically §1132 (a)(1)(b).

2. This Court has jurisdiction pursuant to 28 U.S.C. §1331.

3. Venue is proper in the United States District Court for the Middle District of Florida, where the breach of the employee benefits contract between the parties took place.

4. Defendant PRUDENTIAL is a foreign corporation engaged in insurance

business in Manatee County, Florida.

5. At all times material hereto, the Plaintiff Ms. Progar was covered by a long-term disability insurance policy underwritten and administered by Defendant PRUDENTIAL through an employee welfare benefit plan sponsored by her employer, which provided disability insurance benefits and other valuable benefits. A copy of the long term disability insurance policy and summary plan description is attached hereto as Exhibit "A."

6. The plan is an"employee welfare benefit plan" as defined by ERISA, 29 U.S.C. §1002(1) and may be sued under ERISA as an entity, pursuant to 29 U.S.C. §1132(d)(1).

7. PRUDENTIAL was a "fiduciary" within the meaning of 29 U.S.C. §1104 of the employee benefit plan established by Plaintiff's employer at all times material to this action and may be sued under ERISA as an entity pursuant to 29 U.S.C. §1132(d)(1).

8 Defendant PRUDENTIAL makes the final decision to deny claims under the long-term disability insurance policy providing benefits to Plaintiff and bore the ultimate responsibility for paying long-term disability benefits, creating an inherent conflict of interest between PRUDENTIAL's duties to the plaintiff as an ERISA fiduciary and its duties to its shareholders as a for-profit corporation under federal law.

9. Defendant PRUDENTIAL has a substantial conflict of interest and its

decision to deny the benefits at issue was materially influenced by its conflict of interest.

10. Defendant PRUDENTIAL has failed to apply the provisions of the LTD policy consistently with respect to similarly situated claimants.

11. Defendant's notice of denial failed to comply with 29 CFR 2560.503-1(f) as well as the "full and fair review" provisions of ERISA.

12. Defendant's plan documents fail to comply with 29 CFR 2560.503-1 as well as the "full and fair review" provisions of ERISA.

13. Defendant has failed to comply with its own internal rules, guidelines, protocols, and/or other similar criteria relied upon in making the adverse determination referenced herein, failing to provide a copy of same to Plaintiff and failing to state that same will be provided upon request in its denial of Plaintiff's appeal as required by 29 CFR 2560.503-1(j).

14. Defendant has failed to comply with the provisions of 29 CFR 2560.503-1(b), 29 CFR 2560.503-1(f), 29 CFR 2560.503-1(g), 29 CFR 2560.503-1(h), and 29 CFR 2560.503-1(I) in its administration of Plaintiff's claim.

15. Plaintiff has exhausted administrative remedies before filing this action or the requirement that administrative remedies be exhausted before this action is filed has been otherwise satisfied, waived, excused, estopped, tolled, rendered moot, rendered a vain act, or otherwise rendered unnecessary under the statutes, administrative regulations

promulgated by the Secretary of Labor, and/or common law regulating the Employee Retirement Income Security Act of 1974, 29 U.S.C. 1001, et seq..

16. A copy of this Complaint is contemporaneously filed with the Secretary of Labor.

**COUNT ONE**
**Action to Clarify Right to Plan Benefits**
**Pursuant to 29 U.S.C. §1132 (a)(1)(B)**
**Against PRUDENTIAL**

17. Plaintiff realleges and reavers paragraphs 1 through 16 of this Complaint, incorporating the same by reference as if specifically reinstated herein.

18. Plaintiff was and is "disabled," as the term was defined in the long-term disability insurance policy funded and administered by PRUDENTIAL at all times material hereto.

19. Defendant PRUDENTIAL has failed and refused to pay the Plaintiff sums due pursuant to the long-term disability insurance policy funded and administered by PRUDENTIAL, at all times material hereto.

20. Defendant PRUDENTIAL has subjected the Plaintiff to an unreasonable claims process pursuant to 29 CFR 2560.503-1 and has denied coverage under the terms of the long-term disability plan.

21. The Plaintiff is accordingly entitled to present evidence of disability under the de novo standard to this Honorable Court.

22. The Plaintiff is entitled to attorneys' fees authorized by 29 U.S.C. §1132(g).

**WHEREFORE**, the Plaintiff, Ms. Progar, prays for relief from Defendant PRUDENTIAL for benefits due pursuant to the long-term disability insurance policy funded and administered by Defendant THE PRUDENTIAL INSURANCE COMPANY OF AMERICA pursuant to 29 U.S.C. §1132(1)(1)(B), plus interest, costs, attorney' fees pursuant to 29 U.S.C. §1132 (g), and such other relief as the Court may deem appropriate.

**COUNT TWO**
**Action to Clarify Right to Plan Benefits**
**Pursuant to 29 U.S.C. §1132 (a)(1)(B)**
**Against PRUDENTIAL**

23. Plaintiff realleges and reavers paragraphs 1 through 16 of this Complaint, incorporating the same by reference as if specifically restated therein.

24. Plaintiff is entitled to long-term disability benefits pursuant to the long- term disability insurance policy which is the subject of this action.

25. Defendant PRUDENTIAL has denied that Plaintiff is entitled to long-term disability insurance benefits.

26. Section 1132(a)(1)(B) specifically authorizes an action to clarify the plaintiff's rights to benefits subject to insurance policies governed by ERISA like the one in this action.

27. Defendant PRUDENTIAL has subjected the Plaintiff to an unreasonable claims process pursuant to 29 CFR 2560.503-1.

28. The Plaintiff, Ms. Progar is entitled to a declaration that her long-term

disability insurance benefits are payable under the long-term disability insurance policy in this action, and is entitled to present evidence of her disability to this effect under the de novo standard.

29. The Plaintiff is entitled to attorney's fees authorized by 29 U.S.C. §1132(g).

**WHEREFORE**, the Plaintiff, Ms. Progar prays for a declaration that she is entitled to reinstatement of benefits pursuant to the long-term disability insurance policy funded and administered by THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, along with any ancillary benefits to which she may be entitled as a result of a declaration of her right to same, pursuant to §1132 (a)(1)(B) plus interest, costs, attorney's fees as authorized by 29 U.S.C. §1132(g), and such other relief as the Court may deem appropriate.

Respectfully Submitted,

William S. Coffman, Jr. Esquire
Florida Bar No. 0188158
**COFFMAN LAW**
15436 N. Florida Avenue, Suite 103
Tampa, Florida 33613
(813) 935-7030
(813) 935-7277 fax
erisa@benefitsdenied.com
Trial Counsel for Plaintiff